UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FRANCISCO CARLOS AQUINO,
DANIEL ORAMAS,

       Plaintiffs,

v.

ALL COUNTY WASTE, INC.,
JAMES SCOTT BANNER,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, FRANCISCO CARLOS AQUINO ("Aquino") and DANIEL ORAMAS ("Oramas") bring this action against Defendants, ALL COUNTY WASTE, INC. ("ACW") and JAMES SCOTT BANNER ("Banner"), and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, ACW. was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Banner is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of ACW, ran the day-to-day operations and had operational control over ACW, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

5. ACW's business involves waste removal.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, ACW's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. ACW was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Aquino worked for Defendants as a driver.

10. Oramas worked for Defendants as a driver.

11. Defendants failed to pay Aquino's full and proper overtime wages.

12. Defendants failed to pay Oramas's full and proper overtime wages.

13. Defendants failed to pay Oramas's full and proper minimum wages.

14. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

15. Attached as **Exhibit A** is a preliminary calculation of Aquino's claims. These amounts may change as Plaintiffs engage in the discovery process.

16. Attached as **Exhibit B** is a preliminary calculation of Oramas's claims. These amounts may change as Plaintiffs engage in the discovery process.

17. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

18. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay, (ii) unpaid minimum wages (as to Oramas), and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA WHSITLEBLOWER ACT
## AGAINST DEFENDANT ALL COUNTY WASTE, INC.

21. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

22. ACW failed to maintain its vehicles in accordance with applicable safety standards and regulations.

23. On or about August 31, 2022, Oramas complained to Banner about the unsafe condition of ACW's vehicles.

24. On or about August 31, 2022, after Oramas objected and protested ACW's unsafe and poorly maintained vehicles, Banner retaliated against Oramas by refusing to allow Oramas to work and/or by terminating Oramas's employment.

25. On or about September 26, 2022, Aquino complained to Banner about the unsafe condition of ACW's vehicles.

26. On or about September 26, 2022, after Aquino objected and protested ACW's unsafe and poorly maintained vehicles, Banner retaliated against Aquino by refusing to allow Aquino to work and/or by terminating Aquino's employment.

27. ACW's retaliation against Plaintiffs is in violation of Florida's Whistle-Blower Act, Section 448.102(3), Florida Statutes.

28. As a direct and proximate result of ACW's violation of the Act, Plaintiffs have suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiffs demand judgment against ACW for back and front pay, lost benefits and other remuneration, compensatory damages, emotional distress damages, appropriate equitable relief including reinstatement, and award of costs, fees and expenses under Section 448.104, Florida Statutes.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Bar No.: 74791